# UNITED STATES DISTRICT COURT

for the

# Southern District of Texas

Plaintiffs,
EKHLAS HAMOODI; NOOR AL SAEGH;                    )
ZEYAD O OKAB, SAHIRA M ABDULSALAM                 )
                                                  )
Individually and on Behalf of All Other Similarly )
Situated,                                         )        4-23-cv-01713
                                                  )
v.                                                )
                                                  )
                                                  )
U.S. CITIZENSHIP AND IMMIGRATION                  )
 SERVICES; UR M. JADDOU, Director of USCIS        )
 and UNITED STATES OF AMERICA,

## ORIGINAL COMPLAINT FOR DECLARATORY RELIEF AND RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT CLASS ACTION

### INTRODUCTION

Plaintiffs each filed naturalization applications (Form N-400) with Defendant U.S. Citizenship and Immigration Services (USCIS) in or about 2020 to become U.S. citizens, but they have not yet been interviewed by USCIS about their naturalization application. While many others who filed their applications at a later date have already had their interviews and taken the oath to become U.S. citizens, the Plaintiffs and the class members they seek to represent wait.

They wait for interviews and adjudication of their naturalization applications because USCIS did not plan for or prioritize the retrieval of their immigration files after storage facilities with limited access due to COVID-19 restrictions returned to full capacity operations, or for any other reason that the government failed to process the applications.

Upon information and belief, the immigration files of Plaintiffs and the class members they seek to represent were stored at a Federal Records Center storage facility. Federal Records Center storage facilities are operated by the National Archives and Records Administration (NARA). Defendant USCIS chose to place immigration files for which it is responsible at a Federal Records Center and then disclaimed responsibility when the COVID-19 pandemic restricted access to the Federal Records Centers.

Even after the Federal Records Centers returned to full capacity operations in March 2022, USCIS did not act to prioritize retrieving immigration files and interviewing people who have pending naturalization applications (i.e., for U.S. citizenship). Upon information and belief, at a date after this lawsuit was filed on May 25, 2022, NARA retrieved from the Federal Records Centers the immigration files of Plaintiffs and the class members they seek to represent, but Plaintiffs and proposed class members still await, in some cases, the scheduling of their interview. In each case, USCIS has yet to conduct their naturalization interview.

Instead of proactively targeting the immigration files of naturalization applicants so they can be interviewed, as recently as of this year 2023, Defendant USCIS has responded to some Plaintiffs' inquiries with such statements as "USCIS anticipates a delay in completing this application"—when these applications were filed in 2020. USCIS acknowledges that the naturalization applicants have not caused the delay yet expects the applicants to simply continue to wait.

Plaintiffs and other naturalization applicants whose immigration files were stuck in a Federal Records Center are prejudiced by USCIS' delay in a manner unlike any other applicant for immigration benefits. U.S. mid-term elections are fast approaching. If Plaintiffs and the class members they seek to represent are not interviewed promptly—because USCIS did not prioritize the retrieval and transfer of their immigration files and their interviews—they cannot have their applications adjudicated and, when approved, take the oath of citizenship in time to vote in the next election.

## JURISDICTION

This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question).

This Court has the authority to grant relief pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq*., and the Declaratory Judgment Act,

28 U.S.C. §§ 2201-02. The United States has waived sovereign immunity under 5 U.S.C. § 702.

Venue is proper in this district under 28 U.S.C. § 1391(e)(1)(C) because Plaintiffs EKHLAS HAMOODI; NOOR ALSAEGH; ZEYAD O OKAB, SAHIRA ABDULSALAM  and other named plaintiff`s reside in this district and no real property is at issue.

**PARTIES**

1.Plaintiff, EKHLAS HAMOODI, is a U.S. lawful permanent resident who resides in Houston, Texas. She filed her naturalization application (Form N-400) with USCIS on 10/23/2020, which is the "received date" listed on the USCIS receipt notice for her application. When Plaintiff, EKHLAS HAMOODI inquired as to the status of her naturalization application on  11/10/2022, USCIS replied November 14, 2022, stating that her inquiry was investigated, and a decision has not been made at this time and is still under review or still in process. EKHLAS HAMOODI has children that will become 18 or already became 18 after she filed her application. Her SSI application is expired in April 2023. She is suffering damage for the delay, her child/ren will not be able will aged out,  she lost the SSI, she will not be able vote until she pass the interview and do the Oath Carmony

2.Plaintiff SAFA TAHRR AL SAEGH  is a U.S. lawful permanent resident who resides in Katy, TX. She filed her naturalization application (Form N-400) with USCIS on 09/18/2020 , which is the "received date" listed on the USCIS receipt notice for her application. She inquired many times through the phone and no reply was received! Ms. Al Saegh is waiting to be US citizen to get  more protection to as US citizen. Also, she is waiting to be US citizen to Vote.

3.Plaintiff, BASHEER AHMED ABBAS AL FAKHRAJEE, is a U.S. lawful permanent resident who resides in Richmond, Texas. He filed his naturalization application (Form N-400) with USCIS on 02/28/2020, which is the "received date" listed on the USCIS receipt notice for his application. When Plaintiff BASHEER AHMED ABBAS AL FAKHRAJEE inquired as to the status of his naturalization application on November 10th, 2022, USCIS replied November 14th , 2022, stating that his inquiry in the queue waiting to schedule his appointment—but he never received a response. In January 2022, he called USCIS again and submitted another request to talk to an officer and he is still waiting.

4.Plaintiff, BAN QAHTAN KAHLAN, is a U.S. lawful permanent resident who resides in Richmond, Texas. She filed her naturalization application (Form N-400) with USCIS on 02/28/2020, which is the "received date" listed on the USCIS receipt notice for her application. When Plaintiff, BAN QAHTAN KAHLAN, inquired as to the status of her naturalization application on August 26th 2022, , USCIS replied, stating that due to workload factors not related to her case, USCIS anticipates a delay in completing her case, but she never received a responsive response.

5. Plaintiff, NOOR TAHRR AL SAEGH, is a U.S. lawful permanent resident who resides in Katy, TX. She filed her naturalization application (Form N-400) with USCIS on 02/08/2020 , which is the "received date" listed on the USCIS receipt notice for her application. When she inquired on 07/24/2022, about the status of her application, she received a reply on 07/26/2022 that USCIS investigated her case and checked all those systems and decision has not been made and is still under review.  There is no reasonable reason for the dely. Ms. Al Saegh never been arrested, and she have been waited for the interview for over 3 years.

6.Plaintiff, REEM A. ALANI, is a U.S. lawful permanent resident who resides in Houston, Texas. She filed her naturalization application (Form N-400) with USCIS on 08/10/2020, which is the "received date" listed on the USCIS receipt notice for her application. When REEM A. ALANI inquired as to the status of her naturalization application through phone and her USCIS account, USCIS replied that things are taking longer than expected. REEM A. ALANI reached out to Senator John Cornyn and Senator Ted Cruz to investigate her case, but nothing changed about her application! And she is until this moment suffers from the delay.

7.  Plaintiff, Firas Muwafaq Salman, is a U.S. lawful permanent resident who resides in Richmond, TX. He filed his naturalization application (Form N-400) with USCIS on 04/27/2020 ,which is the "received date" listed on the USCIS receipt notice for his application. He is still waiting since then to be a US citizen.

8. Plaintiff, Dhuha Yahya Tawfeeq is a U.S. lawful permanent resident who resides in Richmond, TX. He filed his naturalization application (Form N-400) with USCIS on 04/27/2020, which is the "received date" listed on the USCIS receipt notice for his application. He is still waiting since then to be a US citizen.

9. Plaintiff, MOUTHANA A. AL ZUBAIDI, is a U.S. lawful permanent resident who resides in Smyrna, TN. He filed his naturalization application (Form N-400) with USCIS on 11/23/2020, which is the "received date" listed on the USCIS receipt notice for his application. When Plaintiff MOUTHANA A AL ZUBAIDI inquired as to the status of her naturalization n application on August, 17th 2022, USCIS replied "Due to workload factors not related to your case, USCIS has experienced a delay in completing your case. USCIS is committed to adjudicating immigration benefits in the order received and in a timely and efficient manner". He is committed to the laws and works hard. He has been a permanent resident in the last seven years, and he is dreaming to be American citizen and he is waiting to vote and choose a better life for his family and children. He contacted his representative and got a reply on September 12,2022 but no responsive answers. This delay is unreasonable, and there is no reason for further delay.

10. Plaintiff, MARYAM HASAN RADDAM, is a U.S. lawful permanent resident who resides in Smyrna, TN. She filed her naturalization application (Form N-400) with USCIS on 11/23/2020,which is the "received date" listed on the USCIS receipt notice for her application. When Plaintiff MARYAM HASAN RADDAM inquired as to the status of her naturalization application on August 17th 2022, USCIS replied " Due to workload factors not related to your case, USCIS has experienced a delay in completing your case. USCIS is committed to adjudicating immigration benefits in the order received and in a timely and efficient manner". She also contacted her representative and got a reply on September 12,2022 with no hope but to wait. She has qualified family member outside United States of America that waiting for her to become US citizen to become to petition them. This delay is unreasonable and increasing the wait for her to petition a family member.

11.  Plaintiff, ZEYAD O OKAB, is a U.S. lawful permanent resident who resides in Houston , TX. He filed his naturalization application (Form N-400) with USCIS on 02/26/2020,which is the "received date" listed on the USCIS receipt notice for his application. He is still waiting since then to be a US citizen.

12.  Plaintiff, AMENAH Q KAHLAN, is a U.S. lawful permanent resident who resides in Houston , TX . She filed her naturalization application (Form N-400) with USCIS on 02/26/2020,which is the "received date" listed on the USCIS receipt notice for her application. She is still waiting since then to be a US citizen. When Plaintiff AMENAH Q KAHLAN inquired as to the status of her naturalization application on 08/26/2022, USCIS replied it is still under review. She is still waiting since then to be a US citizen.

13. Plaintiff, Rand T Lateef, is a U.S. lawful permanent resident who resides in Sugarland, TX. She filed her naturalization application (Form N-400) with USCIS on 02/26/2020,which is the "received date" listed on the USCIS receipt notice for her application. When Plaintiff Rand T Lateef inquired as to the status of her naturalization application through phone, she did not get an answer or update about her case yet.

14. Plaintiff, MSHARI AL JASHAAM, is a U.S. lawful permanent resident who resides in Louisville , KY. He filed his naturalization application (Form N-400) with USCIS on 09/03/2020, which is the "received date" listed on the USCIS receipt notice for his application. When Plaintiff MSHARI AL JASHAAM inquired as to the status of his naturalization application, USCIS replied that he needs to wait, and he has still waiting since then.

15. Plaintiff, THURAYA Q KAHLAN, is a U.S. lawful permanent resident who resides in Richmond , TX. She filed her naturalization application (Form N-400) with USCIS on 09/03/2020,which is the "received date" listed on the USCIS receipt notice for her application. Plaintiff THURAYA Q KAHLAN inquired as to the status of her naturalization application on the phone, USCIS replied it is still under review. She is still waiting since then to be a US citizen.

16. Plaintiff, LIAN AL MUDARIS, is a U.S. lawful permanent resident who resides in Alexandria, VA. She filed her naturalization application (Form N-400) with USCIS on 09/16/2020,which is the "received date" listed on the USCIS receipt notice for her application. Plaintiff LIAN AL MUDARIS inquired as to the status of her naturalization application on 12/24/2022 through request and phone, USCIS replied, "Due to workload factors not related to your case, USCIS anticipates a delay in completing your case. USCIS is committed to adjudicating immigration benefits in the order received and in a timely and efficient manner".

17. Plaintiff, Ahmad I. Al Rubaiy, is a U.S. lawful permanent resident who resides in Richmond, TX. He filed his naturalization application (Form N-400) with USCIS on 03/30/2020, which is the "received date" listed on the USCIS receipt notice for his application. When Plaintiff Ahmad I. Al Rubaiy inquired as to the status of his naturalization application though phone, USCIS replied that he needs to wait, and he is still waiting since then. He has a wife and children waiting for him overseas.

18. Plaintiff, Ali Ayad Jameel Al hamadani, is a U.S. lawful permanent resident who resides in Flower Mound, TX. He filed his naturalization application (Form N-400) with USCIS on 08/28/2020, which is the "received date" listed on the USCIS receipt notice for his application.

19. Plaintiff, Wasan Dakhil Majhool Affar, is a U.S. lawful permanent resident who resides in Flower Mound, TX. She filed her naturalization application (Form N-400) with USCIS on 08/28/2020,which is the "received date" listed on the USCIS receipt notice for her application.

20. Plaintiff, Ayad Jameel Shaheed Al hamadani, is a U.S. lawful permanent resident who resides in Flower Mound, TX. He filed his naturalization application (Form N-400) with USCIS on 08/28/2020, which is the received date" listed on the USCIS receipt notice for his application.

21.Plaintiff, EANAS M MOHAMMED ROOF, is a U.S. lawful permanent resident who resides in Albany, NY. She filed her naturalization application (Form N-400) with USCIS on 07/23/2020, which is the "received date" listed on the USCIS receipt notice for her application. When Plaintiff EANAS M MOHAMMED ROOF inquired as to the status of her naturalization application on 12/22/2022 through phone and online, USCIS replied that "Due to workload factors not related to your case, USCIS anticipates a delay in completing your case. USCIS is committed to adjudicating immigration benefits in the order received and in a timely and efficient manner".  EANAS M MOHAMMED ROOF also contacted her representative to ask for help to investigate about her case and again USCIS replied "Our review indicates that this case is pending at the National Benefits Center and is within USCIS's current processing time". She is disappointed by the unfair processing time.

22. Plaintiff, RAJAA A TUKMACHEE,  is a U.S. lawful permanent resident who resides in Albany, NY. She filed her naturalization application (Form N-400) with USCIS on 07/23/2020,which is the "received date" listed on the USCIS receipt notice for her application. When Plaintiff RAJAA A TUKMACHEE inquired as to the status of her naturalization application through contacting congressman Paul Tonko's Office, USCIS replied to congressman that "USCIS records confirm that there are certain issues relative to the background checks requiring an extended review. At this time, we are unable to determine when the review will be completed however Rajaa Tukmachee will be notified by mail at the address of record when a determination is made and/or when an interview is scheduled".

RAJAA A TUKMACHEE is a senior  or with disability that receiving Social Security income that will be stopped because of her status. She also contacted the USCIS office by phone and online but did not get any responsive update on her case.


23. Plaintiff, KAHLAN QAHTAN KAHLAN, is a U.S. lawful permanent resident who resides in Houston, TX. He filed his naturalization application (Form N-400) with USCIS on 02/07/2020, which is the received date" listed on the USCIS receipt notice for his application. When Plaintiff KAHLAN QAHTAN KAHLAN inquired as to the status of his naturalization application on 12/14/2022 through phone and online inquiry, USCIS replied that "We have investigated this case and checked all our systems, and a decision has not been made at this time and is still under review or still in process. Your concerns are important to us so, please be patient with our review. When a decision, interview date, Re-interview date, ceremony date or any change of importance is made we will contact you through mailed correspondence." However, nothing been set yet. And he is just waiting.

24.  Plaintiff, RASHA N AL SAWAF, is a U.S. lawful permanent resident who resides in Pflugerville , TX. She filed her naturalization application (Form N-400) with USCIS 09/02/2020, which is the "received date" listed on the USCIS receipt notice for her application. When Plaintiff RASHA N AL SAWAF inquired as to the status of her naturalization application on 05/22/2022 through email, USCIS replied that her application is awaiting interview. She inquired again on 01/01/2023 and USCIS reply was "Due to workload factors not related to your case, USCIS anticipates a delay in completing your case. USCIS is committed to adjudicating immigration benefits in the order received and in a timely and efficient manner".  On 01/31/2023 she contacted USCIS again through email and she got the same response.


25. Plaintiff, AHMED JAAFAR ABDULHUSSEIN, is a U.S. lawful permanent resident who resides in PLANO, TX. He filed his naturalization application (Form N-400) with USCIS on 08/10/2020, which is the received date" listed on the USCIS receipt notice for his application. When Plaintiff AHMED JAAFAR ABDULHUSSEIN inquired as to the status of his naturalization application on April 13, 2022, through online inquiry, USCIS replied that "After careful review of your inquiry, we determined that your issue will be best addressed by the USCIS office processing your case; therefore, we are forwarding your inquiry to the National Benefits Center for the case being outside the normal processing

time. The referral ID for this inquiry is T1B1222206485MSC. The National Benefits Center will contact you concerning your case once they have reviewed your inquiry." He is still waiting a responsive answer since then, but nothing moving forward.

26. Plaintiff, REDAB RAAD DALOO, is a U.S. lawful permanent resident who resides in PLANO, TX. She filed her naturalization application (Form N-400) with USCIS 08/11/2020, which is the "received date" listed on the USCIS receipt notice for her application. When Plaintiff REDAB RAAD DALOO inquired as to the status of her naturalization application on April 13, 2022, through online inquiry, USCIS replied that "After careful review of your inquiry, we determined that your issue will be best addressed by the USCIS office processing your case; therefore, we are forwarding your inquiry to the National Benefits Center for the case being outside the normal processing time. The referral ID for this inquiry is WKD1222206497MSC The National Benefits Center will contact you concerning your case once they have reviewed your inquiry." Nothing changed since then, no responsive answers, and the case is not moving forward.

27. Plaintiff, INAS WADULLAH M AL HAYALI, is a U.S. lawful permanent resident who resides in Katy, TX . She filed her naturalization application (Form N-400) with USCIS 09/25/2020, which is the "received date" listed on the USCIS receipt notice for her application. When Plaintiff INAS WADULLAH M AL HAYALI inquired 6 times as to the status of her naturalization application through online inquiry, she got responsive response. Moreover, Plaintiff, INAS WADULLAH M AL HAYALI contacted the office of Congressman Troy E. Nehls to help resolve her issue. USCIS reply was "A thorough review of USCIS records establishes that Ms. Alhayali's N-400 application is currently under review. As a part of a greater eligibility determination, U.S. Citizenship and Immigration Services (USCIS) conducts background and security checks on applicants and certain petitioners for immigration benefits. These checks are necessary to ensure United States national security and public safety interests. In some cases, the results of these checks require USCIS to perform additional inquiries or consult with other government agencies. When this is necessary, there is often some delay in resolving the checks, and it is difficult to predict when resolution will be completed. Please be assured that this case has not been overlooked. Once all checks are resolved, the application will be adjudicated, and your constituent will be notified of the decision." She has qualified relatives outside the United States waiting for her to become a US citizen to petition them. This security check is not reasonable, over three years should and rule out any security issue. This reason is not valid.

28. Plaintiff, ABDULRAHMAN HAMMOODI FARHAN is a U.S. lawful permanent resident who resides in Katy, TX. He filed his naturalization application (Form N-400) with USCIS 09/25/2020, which is the "received date" listed on the USCIS receipt notice for his application. When Plaintiff ABDULRAHMAN HAMMOODI FARHAN inquired 6 times as to the status of his naturalization application through online inquiry, he got no documented response. Moreover, Plaintiff ABDULRAHMAN HAMMOODI FARHAN contacted the office of Congressman Troy E. Nehls to help resolve his issue. USCIS reply was "Thank you for inquiring about the status of the Form N-400, Application for Naturalization, that your constituent, Mr. Abdulrahman Farhan, filed with U.S. Citizenship and Immigration Services (USCIS) on September 25, 2020. A thorough review of USCIS records indicates that Mr. Farhan's N-400 application is currently under review. As a part of a greater eligibility determination, U.S. Citizenship, and Immigration Services (USCIS) conducts background and security checks on applicants and certain petitioners for immigration benefits. These checks are necessary to ensure United States national security and public safety interests. In some cases, the results of these checks require USCIS to perform additional inquiries or consult with other government agencies. When this is necessary, there is often some delay in resolving the checks, and it is difficult to predict when resolution will be completed. Please be assured that this case has not been overlooked. Once all checks are resolved, the application will be adjudicated, and your constituent will be notified of the decision. Unfortunately, we do not have an estimated timeframe for when the background check review will be complete. We do appreciate Mr. Farhan's patience and we apologize for any inconvenience this may or has caused. We hope this information is helpful. If we may be of further assistance, please let us know." He also has relatives outside the United States waiting for her to become a US citizen to petition them. The security checks taking that long are not reasonable. And the applicant is entitled to an interview and decision on his case.

29. Plaintiff, HIND S AL WAZNEE, is a U.S. lawful permanent resident who resides in Austin, TX. She filed her naturalization application (Form N-400) with USCIS 09/25/2020, which is the "received date" listed on the USCIS receipt notice for her application. When Plaintiff HIND S AL WAZNEE inquired as to the status of her naturalization application on 01/25/2023 through online inquiry, USCIS replies that "Due to workload factors not related to your case, USCIS anticipates a delay in completing your case. USCIS is committed to adjudicating immigration benefits in the order received and in a timely and efficient manner."

30. Plaintiff MARYAM OMAR ABDULILAH is a U.S. lawful permanent resident who resides in Houston, TX . She filed her naturalization application (Form N-400) with USCIS 09/05/2020, which is the "received date" listed on the USCIS receipt notice for her application. When Plaintiff MARYAM OMAR ABDULILAH inquired as to the status of her naturalization application on 01/21/2023 through online inquiry and email , USCIS replies that her application is awaiting interview.

31. Plaintiff SUHAD ISMAEEL ABDULRAHMAN is a U.S. lawful permanent resident who resides in Houston, TX . She filed her naturalization application (Form N-400) with USCIS 09/05/2020, which is the "received date" listed on the USCIS receipt notice for her application. When SUHAD ISMAEEL ABDULRAHMAN inquired as to the status of her naturalization application on 01/21/2023 through online inquiry and email , USCIS replies that her case is awaiting interview.

32. Plaintiff, OMAR ABDULILAH ABDULRAHMAN, is a U.S. lawful permanent resident who resides in Houston, TX . He filed his naturalization application (Form N-400) with USCIS 09/20/2020, which is the "received date" listed on the USCIS receipt notice for his application. When OMAR ABDULILAH ABDULRAHMAN inquired as to the status of his naturalization application through phone calls, USCIS officer always replies that his case is nothing missing and just needs to wait with no other responsive answers or resolutions.

33. Plaintiff, NOORILDEEN OMAR ABDULELAH, is a U.S. lawful permanent resident who resides in Houston, TX . He filed his naturalization application (Form N-400) with USCIS 09/05/2020, which is the "received date" listed on the USCIS receipt notice for his application. When NOORILDEEN OMAR ABDULELAH inquired as to the status of his naturalization application on 05/22/2022 through phone calls and online inquiry, USCIS officer always replies that his case is waiting an interview.

34. Plaintiff, WAFAA MOHAMMED NOOR QASIM, is a U.S. lawful permanent resident who resides in Katy, TX. She filed her naturalization application (Form N-400) with USCIS 01/17/2020, which is the "received date" listed on the USCIS

receipt notice for her application. When WAFAA MOHAMMED NOOR QASIM inquired as to the status of her naturalization application on 01/24/2023 through online inquiry, USCIS replied "We have investigated this case and checked all our systems, and a decision has not been made at this time and is still under review or still in process.". WAFAA MOHAMMED NOOR QASIM has at least one child aged out because her application was not timely decided, and the child has to apply by her own.

35. Plaintiff, SURA AL HAMADANI is a U.S. lawful permanent resident who resides in Fort Worth , TX. She filed her naturalization application (Form N-400) with USCIS 11/30/2020, which is the "received date" listed on the USCIS receipt notice for her application. When SURA AL HAMADANI inquired as to the status of her naturalization application on 02/15/2023 through online inquiry, USCIS replied "Due to workload factors not related to your case, USCIS anticipates a delay in completing your case. USCIS is committed to adjudicating immigration benefits in the order received and in a timely and efficient manner." SURA AL HAMADANI has qualified relatives outside the United States that waiting for her to become US citizen to petition them.

36. Plaintiff, JAWAD SARRAY, is a U.S. lawful permanent resident who resides in Fort Worth, TX. He filed his naturalization application (Form N-400) with USCIS 11/30/2020, which is the "received date" listed on the USCIS receipt notice for his application. JAWAD SARRAY is still waiting to become a US citizen since he submitted his application in 2020.

37. Plaintiff, FARIED SALMAN ALANI, is a U.S. lawful permanent resident who resides in Kent, WA . He filed his naturalization application (Form N-400) with USCIS 09/07/2020, which is the "received date" listed on the USCIS receipt notice for his application. When FARIED SALMAN ALANI inquired as to the status of his naturalization application on 03/04/2023 through phone calls and online inquiry and letter to congressman, USCIS replies that his application is still under review with no response answer or resolution.

38. Plaintiff, RAGHDAH FARED ALANAE, is a U.S. lawful permanent resident who resides in Kent, WA. She filed her naturalization application (Form N-400) with USCIS 09/07/2020, which is the "received date" listed on the USCIS receipt notice for her application. When RAGHDAH FARED ALANAE inquired as to the status of her naturalization application on 09/20/2022 through many E-

requests, phone calls, and two letters to the congressman with no response back from them. USCIS replied that her application is under further review.

39. Plaintiff, RANDA FARED ALANE, is a U.S. lawful permanent resident who resides in Kent, WA. She filed her naturalization application (Form N-400) with USCIS 09/07/2020, which is the "received date" listed on the USCIS receipt notice for her application. When RANDA FARED ALANE inquired as to the status of her naturalization application on 02/22/2023 through many E-requests, phone calls, and two letters to the congressman with no response back from them. USCIS replied that her application is under required review.

40. Plaintiff MAHA THAMER HASSEN is a U.S. lawful permanent resident who resides in Kent, WA. She filed her naturalization application (Form N-400) with USCIS 09/08/2020, which is the "received date" listed on the USCIS receipt notice for her application. When MAHA THAMER HASSEN inquired as to the status of her naturalization application on 02/22/2023 through many E-requests, phone calls, and two letters to the congressman with no responsive response back from them. USCIS replied that her application is under required review.

41. Plaintiff ALI HUSSEIN ALI is a U.S. lawful permanent resident who resides in Houston, TX. He filed his naturalization application (Form N-400) with USCIS 09/21/2020, which is the "received date" listed on the USCIS receipt notice for his application. When ALI HUSSEIN ALI inquired as to the status of his naturalization application on 03/04/2023 through phone calls and online inquiry and letter to congressman, USCIS replies that his application is still under review.

42. Plaintiff LAMEES SAEED YAS AL DOORI is a U.S. lawful permanent resident who resides in Glenview, IL. She filed her naturalization application (Form N-400) with USCIS 08/14/2020, which is the "received date" listed on the USCIS receipt notice for her application. When LAMEES SAEED YAS AL DOORI inquired as to the status of her naturalization application on 02/17/2023, USCIS replied that her case is in process to be scheduled for interview. LAMEES SAEED YAS AL DOORI has relatives outside the United States that waiting for her to become US citizen to petition them.

43. Plaintiff SINAN OSAMAH ABDUL RAHEEM is a U.S. lawful permanent resident who resides in Pflugerville, TX. He filed his naturalization application

(Form N-400) with USCIS 04/15/2020, which is the "received date" listed on the USCIS receipt notice for his application.

44. Plaintiff, HUSSEIN M ABD ALI, is a U.S. lawful permanent resident who resides in Round Rock, TX . He filed his naturalization application (Form N-400) with USCIS 11/30/2020, which is the "received date" listed on the USCIS receipt notice for his application. When HUSSEIN M ABD ALI  inquired as to the status of his naturalization application through phone calls and online inquiry, USCIS replied that his application is still under review.

45. Plaintiff, BASHAR ABBAS is a U.S. lawful permanent resident who resides in Houston, TX . He filed his naturalization application (Form N-400) with USCIS 05/17/2020, which is the "received date" listed on the USCIS receipt notice for his application. When BASHAR ABBAS inquired as to the status of his naturalization application through phone calls and online inquiry, USCIS replied that his application is still pending.

46. Plaintiff, MOHAMMED MAHDI ABD ALI AL JIBAWI, is a U.S. lawful permanent resident who resides in Round Rock, TX. He filed his naturalization application (Form N-400) with USCIS 07/31/2020, which is the "received date" listed on the USCIS receipt notice for his application. When MOHAMMED MAHDI ABD ALI AL JIBAWI inquired as to the status of his naturalization application through phone calls and online inquiry and then contacting his representative on 10/26/2022, USCIS replies that his application is still pending at the San Antonio Field Office. Plaintiff MOHAMMED MAHDI ABD ALI AL JIBAWI is senior or with disability that receiving social security income that will be stopped because of his status.

47. Plaintiff, ANAS ABDULREDA ASADI, is a U.S. lawful permanent resident who resides in Raleigh, NC. He filed his naturalization application (Form N-400) with USCIS 11/02/2020, which is the "received date" listed on the USCIS receipt notice for his application. When ANAS ABDULREDA ASADI inquired as to the status of his naturalization application through phone calls and online inquiry and then contacting congressman, USCIS replied that his application is still pending. Plaintiff ANAS ABDULREDA ASADI is a senior or with disability that receiving social security income that will be stopped because of his status. He also has relatives outside the United States that are waiting for him to become a US citizen to petition them.

48. Plaintiff, HANEEN ABDULLAH ALKULIB, is a U.S. lawful permanent resident who resides in Raleigh, NC . She filed her naturalization application (Form N-400) with USCIS 11/02/2020, which is the "received date" listed on the USCIS receipt notice for her application. When HANEEN ABDULLAH ALKULIB  inquired as to the status of her naturalization application, USCIS replied "Due to workload factors not related to your case, USCIS anticipates a delay in completing your case. USCIS is committed to adjudicating immigration benefits in the order received and in a timely and efficient manner." Plaintiff HANEEN ABDULLAH ALKULIB  is a senior or with disability that receiving social security income that will be stopped because of her status. She also has relatives outside the United States that are waiting for her to become a US citizen to petition them.

49. Plaintiff, SARAH FIRAS MUWAFAQ, is a U.S. lawful permanent resident who resides in Richmond, TX. She filed her naturalization application (Form N-400) with USCIS 04/27/2020, which is the "received date" listed on the USCIS receipt notice for her application. She is still waiting to become a US citizen since she submitted her application in 2020.

50. Plaintiff, SHAMS FIRAS MUWAFAQ, is a U.S. lawful permanent resident who resides in Richmond, TX. She filed her naturalization application (Form N-400) with USCIS 04/27/2020, which is the "received date" listed on the USCIS receipt notice for her application. She is still waiting to become a US citizen since she submitted her application in 2020.

51. Plaintiff, LABED S ALDABBAGH, is a U.S. lawful permanent resident who resides in Escondido, CA. He filed his naturalization application (Form N-400) with USCIS 07/17/2020, which is the "received date" listed on the USCIS receipt notice for his application. When LABED S ALDABBAGH inquired as to the status of his naturalization application on October 14, 2022 , USCIS replied "After careful review of your inquiry, we determined that your issue will be best addressed by the USCIS office processing your case; therefore, we are forwarding your inquiry to the NATIONAL BENEFITS CENTER." He also contacted his representative and did not get any help. he has children that will become 18 or already became 18 after he filed his application.

52. Plaintiff, FAEZA ALI SAMEER AL DULAIMI, is a U.S. lawful permanent resident who resides in Austin , TX . She filed her naturalization application (Form N-400) with USCIS 04/07/2020, which is the "received date" listed on the USCIS receipt notice for her application. When FAEZA ALI SAMEER AL DULAIMI

inquired as to the status of her naturalization application on 09/23/2022, USCIS replied "Due to workload factors not related to your case, USCIS anticipates a delay in completing your case. USCIS is committed to adjudicating immigration benefits in the order received and in a timely and efficient manner." She also has relatives outside the United States that are waiting for her to become a US citizen to petition them.

53. Plaintiff, DHUFR JAWAD FARHAN, is a U.S. lawful permanent resident who resides in San Antonio, TX. He filed his naturalization application (Form N-400) with USCIS 05/12/2020, which is the "received date" listed on the USCIS receipt notice for his application. When DHUFR JAWAD FARHAN inquired as to the status of his naturalization application on 10/13/2021, USCIS replied that they are still reviewing his case. He also has relatives outside the United States that are waiting for him to become a US citizen to petition them.

54. Plaintiff, NISREEN SAHIB AL KHAFAJI,  is a U.S. lawful permanent resident who resides in San Antonio , TX. She filed her naturalization application (Form N-400) with USCIS 05/12/2020, which is the "received date" listed on the USCIS receipt notice for her application. When NISREEN SAHIB AL KHAFAJI inquired as to the status of her naturalization application on 05/11/2022, USCIS replied "Due to workload factors not related to your case, USCIS anticipates a delay in completing your case. USCIS is committed to adjudicating immigration benefits in the order received and in a timely and efficient manner." But three years in not reasonable delay.

55. Plaintiff ABDULKAREEM M. MOHAMMED is a U.S. lawful permanent resident who resides in Houston , TX. He filed his naturalization application (Form N-400) with USCIS 09/21/2020, which is the "received date" listed on the USCIS receipt notice for his application. When ABDULKAREEM M. MOHAMMED inquired as to the status of his naturalization application by phone and emails, USCIS replied that his case is still pending. He also contacted his congressman on 02/06/2023 and confirmed again that his application is pending.

56. Plaintiff HELEEN A SHIHAB is a U.S. lawful permanent resident who resides in CHICAGO, IL . She filed her naturalization application (Form N-400) with USCIS 08/17/2020, which is the "received date" listed on the USCIS receipt notice for her application. When HELEEN A SHIHAB inquired as to the status of her naturalization application on 10/31/2022, USCIS replied "Due to workload factors not related to your case, USCIS anticipates a delay in completing your case. USCIS is committed to adjudicating immigration benefits in the order received and

in a timely and efficient manner." She is frustrated that many people submitted their application years after her and become citizens while she is still waiting.

57. Plaintiff, MUSTAFA NEAMAH JASIM KERTTANI, is a U.S. lawful permanent resident who resides in Louisville , KY. He filed his naturalization application (Form N-400) with USCIS 11/30/2020, which is the "received date" listed on the USCIS receipt notice for his application. When MUSTAFA NEAMAH JASIM KERTTANI inquired as to the status of his naturalization application on 11/04/2022, USCIS replied "Due to workload factors not related to your case, USCIS anticipates a delay in completing your case. USCIS is committed to adjudicating immigration benefits in the order received and in a timely and efficient manner." Plaintiff MUSTAFA NEAMAH JASIM KERTTANI also had congressman representative contacted them for inquiries. The reply was his case is still pending! MUSTAFA NEAMAH JASIM KERTTANI also has relatives outside the United States that are waiting for him to become a US citizen to petition them.

58. Plaintiff, AMANI M AL OBAIDI, is a U.S. lawful permanent resident who resides in Houston , TX. She filed her naturalization application (Form N-400) with USCIS 06/24/2020, which is the "received date" listed on the USCIS receipt notice for her application. Plaintiff AMANI M AL OBAIDI has children that will become or that became 18 years old when she submitted her application. She seeks help in this matter so her children can become US citizens too after she acquired her citizenship.

59. Plaintiff SAMER SAAD MOUSA is a U.S. lawful permanent resident who resides in Biddeford, ME. He filed his naturalization application (Form N-400) with USCIS 12/14/2020, which is the "received date" listed on the USCIS receipt notice for his application. When SAMER SAAD MOUSA inquired as to the status of his naturalization application on 12/20/2022, USCIS replied "Due to workload factors not related to your case, USCIS anticipates a delay in completing your case. USCIS is committed to adjudicating immigration benefits in the order received and in a timely and efficient manner." Plaintiff SAMER SAAD MOUSA also had congressman representative contacted them for inquiries. The reply was his application is currently waiting for a background check! SAMER SAAD MOUSA also has relatives outside the United States that are waiting for him to become a US citizen to petition them.

60. Plaintiff FATEN M. AL KHAFAJI is a U.S. lawful permanent resident who resides in Houston , TX. She filed her naturalization application (Form N-400)

with USCIS 09/24/2020, which is the "received date" listed on the USCIS receipt notice for her application. When FATEN M. AL KHAFAJI inquired as to the status of her naturalization application on 11/10/2022 by phone and email, USCIS reply was "Due to workload factors not related to your case, USCIS anticipates a delay in completing your case. USCIS is committed to adjudicating immigration benefits in the order received and in a timely and efficient manner."

61. Plaintiff DOAA ABDULHAMEED AL IBRAHIM is a U.S. lawful permanent resident who resides in Biddeford, ME. She filed her naturalization application (Form N-400) with USCIS 12/14/2020, which is the "received date" listed on the USCIS receipt notice for her application. When DOAA ABDULHAMEED AL IBRAHIM inquired as to the status of her naturalization application on 08/10/2022 by phone and email, USCIS reply was "Due to workload factors not related to your case, USCIS anticipates a delay in completing your case. USCIS is committed to adjudicating immigration benefits in the order received and in a timely and efficient manner." She also has relatives outside the United States that are waiting for her to become a US citizen to petition them.

62. Plaintiff, BARAA O ABDULRAHEEM, is a U.S. lawful permanent resident who resides in Austin, TX. He filed his naturalization application (Form N-400) with USCIS 05/27/2020, which is the "received date" listed on the USCIS receipt notice for his application. When BARAA O ABDULRAHEEM inquired as to the status of his naturalization application on 01/05/2023, USCIS replied "Due to workload factors not related to your case, USCIS anticipates a delay in completing your case. USCIS is committed to adjudicating immigration benefits in the order received and in a timely and efficient manner." Plaintiff BARAA O ABDULRAHEEM also had congressman representative contacted them for inquiries. Plaintiff BARAA O ABDULRAHEEM has mental disability and used to receive SSI income which stopped because he is not a US citizen. This situation affected him in a negative way.

63. Plaintiff ZAINAB A. ALSAMMARRAIE is a U.S. lawful permanent resident who resides in Houston , TX. She filed her naturalization application (Form N-400) with USCIS 09/21/2020, which is the "received date" listed on the USCIS receipt notice for her application. She is not scheduled for an interview since she submitted her application back in 2020.

64. Plaintiff ZAINAB H MIRZA is a U.S. lawful permanent resident who resides in Round Rock, TX. She filed her naturalization application (Form N-400) with USCIS 11/30/2020, which is the "received date" listed on the USCIS receipt notice

for her application. ZAINAB H MIRZA inquired USCIS through phone calls and email as to the status of her naturalization application, but nothing updated about her application since 2020.

65. Plaintiff, OSAMAH ABDULRAHEEM DAWOOD, is a U.S. lawful permanent resident who resides in Austin, TX. He filed his naturalization application (Form N-400) with USCIS 12/31/2020, which is the "received date" listed on the USCIS receipt notice for his application. Plaintiff OSAMAH ABDULRAHEEM DAWOO inquired as to the status of his naturalization application by phone calls, but he is still waiting for his interview to be scheduled.

66. Plaintiff, MOHAMMED SADEQ ALZUHAIRI, is a U.S. lawful permanent resident who resides in Springfield, VA. He filed his naturalization application (Form N-400) with USCIS 08/09/2020, which is the "received date" listed on the USCIS receipt notice for his application. Plaintiff MOHAMMED SADEQ ALZUHAIRI inquired as to the status of his naturalization application by emails, USCIS replied that his application is pending.

67. Plaintiff, SABA HUSSAIN ALJMEAWY, is a U.S. lawful permanent resident who resides in Springfield, VA. She filed her naturalization application (Form N-400) with USCIS 08/09/2020, which is the "received date" listed on the USCIS receipt notice for her application. Plaintiff SABA HUSSAIN ALJMEAWY inquired as to the status of his naturalization application by email, USCIS replied that his application is pending.

68. Plaintiff, SINAN AHMED AASSIM AL DABBAGH, is a U.S. lawful permanent resident who resides in old hickory, TN. He filed his naturalization application (Form N-400) with USCIS 07/22/2020, which is the "received date" listed on the USCIS receipt notice for his application. Plaintiff SINAN AHMED AASSIM AL DABBAGH inquired as to the status of his naturalization application on 12/15/2022 via email, USCIS replied that "we were unable to move forward with your application until the required background checks have been completed." Plaintiff SINAN AHMED AASSIM AL DABBAGH is a doctor who is studying to get a license. His case has not updated since almost 1000 days for no reason. Not having a citizenship affected his job because he cannot apply for all hospitals for residency since her is a doctor especially the VA hospitals and consequently affect his application for residency.

69. Plaintiff, MARWAN MUSLAT KHALIFA, is a U.S. lawful permanent resident who resides in Raleigh, NC. He filed his naturalization application (Form N-400) with USCIS 07/09/2020, which is the "received date" listed on the USCIS receipt notice for his application. When MARWAN MUSLAT KHALIFA inquired as to the status of his naturalization application on 03/17/2023 , USCIS replied due to workload factor that is not related to his case, they anticipate a delay in completing his case! He also contacted his representative and did not get any help. Plaintiff MARWAN MUSLAT KHALIFA has children that will become 18 or already became 18 after he filed his application.

70. Plaintiff, SAMEER HASAN HAMEED AL SHAIKHLI is a U.S. lawful permanent resident who resides in HOUSTON, TX . He filed his naturalization application (Form N-400) with USCIS 06/04/2020, which is the "received date" listed on the USCIS receipt notice for his application. SAMEER HASAN HAMEED AL SHAIKHLI inquired as to the status of his naturalization application on , February 25, 2022, USCIS replied "your application is currently pending the scheduling of the interview". Plaintiff SAMEER HASAN HAMEED AL SHAIKHLI is a senior or with disability that receiving social security income that stopped since February 2022. He also has children overseas.

71. Plaintiff HUSEIN OSAMAH ABDUL RAHEEM is a U.S. lawful permanent resident who resides in Austin, TX.  He filed his naturalization application (Form N-400) with USCIS 04/08/2020, which is the "received date" listed on the USCIS receipt notice for his application.

72 . Plaintiff SAAD MOHANAND MHAWESH is a U.S. lawful permanent resident who resides in Cypress , TX .  He filed his naturalization application (Form N-400) with USCIS 09/05/2020, which is the "received date" listed on the USCIS receipt notice for his application. He contacted USCIS inquiring about his application through his attorney, Dalya Alabbassi. We filed multiple requests, also we communicate with the Office of the Citizenship and Immigration Services Ombudsman U.S. Department of Homeland Security and the problem never solved. We sent intent to sue letters to USCIS and they never responses. USCIS failed to do what they are supposed to do. Just process application in reasonable time

73. Plaintiff, SAHIRA M ABDULSALAM, is a U.S. lawful permanent resident who resides in Houston, TX. She filed her naturalization application (Form N-400) with USCIS 11/02/2020, which is the "received date" listed on the USCIS receipt

notice for her application. When SAHIRA M ABDULSALAM inquired as to the status of her naturalization application on 01/03/2023 by email and phone and contacting congressman, USCIS replied that her application on hold at this time while her background check is still pending.      Plaintiff SAHIRA M ABDULSALAM is a senior or with disability that receiving social security income that will be stopped because of her status.

74. Plaintiff, SHATHA JABER AL ZERKANI, is a U.S. lawful permanent resident who resides in Houston, TX . She filed her naturalization application (Form N-400) with USCIS 04/07/2020, which is the "received date" listed on the USCIS receipt notice for her application. When SHATHA JABER AL ZERKANI inquired as to the status of her naturalization application by phone, she got no response. She also has relatives outside the United States that are waiting for her to become a US citizen to petition them.

78. Plaintiff, RAWNAQ MOSHIN AL ZERKANI, is a U.S. lawful permanent resident who resides in Houston , TX . She filed her naturalization application (Form N-400) with USCIS 05/26/2020, which is the "received date" listed on the USCIS receipt notice for her application. When RAWNAQ MOSHIN AL ZERKANI inquired as to the status of her naturalization application by phone, she got no response,  and she is still waiting for her application to be updated.

79. Plaintiff DINA IMAD ALKHNALI is a U.S. lawful permanent resident who resides in Cypress , TX .  He filed his naturalization application (Form N-400) with USCIS 09/04/2020, which is the "received date" listed on the USCIS receipt notice for his application. He contacted USCIS inquiring about her application through her attorney, Dalya Alabbassi. We filed multiple requests, also we communicate with the Office of the Citizenship and Immigration Services Ombudsman U.S. Department of Homeland Security and the problem never solved. We sent intent to sue letters to USCIS and they never responses. USCIS failed to do what they are supposed to do. Just process application in reasonable time.

80. Plaintiff MARYAM ABDULKAREEM ALSAMMARRAIE is a U.S. lawful permanent resident who resides in Houston , TX. She filed her naturalization application (Form N-400) with USCIS 09/21/2020, which is the "received date" listed on the USCIS receipt notice for her application. She is not scheduled for an interview since she submitted her application back in 2020.

81. Plaintiff ABDULLAH M ALJASHAAM is a U.S. lawful permanent resident who resides in Louisville , KY. He filed his naturalization application (Form N-400) with USCIS 05/06/2020, which is the "received date" listed on the USCIS receipt notice for his application. He contacted USCIS on 03/29/2022, but he got no responsive respond. Mr. ABDULLAH M ALJASHAAM is still waiting to become a US citizen since he submitted his application in 2020.

82. Plaintiff MAHMOUD Z ALKINANI is a U.S. lawful permanent resident who resides in Cypress, TX. He filed his naturalization application (Form N-400) with USCIS 04/01/2020, which is the "received date" listed on the USCIS receipt notice for his application.

And other similarly situated plaintiffs, See exhibits A

## Defendant

Defendant USCIS is a component of the U.S. Department of Homeland Security, 6 U.S.C. § 271, and an agency within the meaning of the APA, 5 U.S.C. § 551(1). USCIS is responsible for adjudicating immigration benefits, including applications for naturalization.

Defendant Ur M. Jaddou is the Director of USCIS. As Director, she is responsible for overseeing, and has ultimate responsibility for, the timely adjudication of immigration benefits and establishing and implementing governing policies. She is sued in her official capacity.

Defendant United States of America is responsible for the issuance of naturalization, and exercises authority to adjudicate and approve applications for naturalization, including the applications filed by Plaintiffs. Defendant United States of America is sued pursuant to 5 U.S.C. §703.

### FACTUAL AND LEGAL BACKGROUND

With some exceptions, a lawful permanent resident who is at least 18 years old becomes eligible to apply for U.S. citizenship in the following timeframes. One timeframe is continuous residence in the United States for at least five years since becoming a lawful permanent resident and physical presence for at least half of the five years immediately prior to filing a naturalization application, 8 U.S.C. § 1427(a)(1). The other timeframe is, if based on marriage to a U.S. citizen,

continuous residence in the United States for at least three years since becoming a lawful permanent resident and physical presence for at least half of the three years immediately prior to filing a naturalization application. 8 U.S.C. § 1430(a).

After noncitizens become lawful permanent residents, USCIS usually will not have an immediate need for their individual immigration files, because most lawful permanent residents will have to wait at least three years before becoming eligible to apply for U.S. citizenship.

An individual immigration file (also known as an "Alien file" or "A-file") includes that person's immigration history, such as applications and petitions for immigration benefits, investigative reports, correspondence, and memoranda.

Defendant USCIS has its own records storage center, the National Records Center. USCIS contracted with NARA to store A-files, including the A-files of lawful permanent residents which USCIS did not have an immediate need to retrieve, at Federal Records Centers.

NARA preserves and maintains the federal government's document collection. Congress authorized the Archivist of the United States, who is the head of NARA, to establish, maintain, and operate records centers for federal agencies. 44 U.S.C. § 2907. NARA operates the Federal Records Centers, which provide records storage for other federal agencies, described as "federal agency customers."

Plaintiffs' naturalization applications are processed at the USCIS National Benefits Center before transfer to USCIS Field Offices. Defendant USCIS interviews naturalization applicants and adjudicates their applications at the USCIS Field Office that has jurisdiction over their residence address. Occasionally, USCIS may temporarily assign another USCIS Field Office to conduct interviews because of workload considerations.

After the National Benefits Center determines that a naturalization application is ready for interview, it places the application in a queue for the USCIS Field Office that is designated to conduct the interview. When a USCIS Field Office has appointments available for naturalization applicants, the Field Office notifies the National Benefits Center. The National Benefits Center selects from the queue of interview-ready naturalization applications to fill the appointments identified by the Field Office and sends the interview notices for the Field Office to the naturalization applicants in the interview queue for that Field Office.

As part of its processing, the National Benefits Center must receive a naturalization applicant's A-file. The National Benefits Center does not place a naturalization application into a Field Office interview queue until the A-file is available. A USCIS adjudicator must review a naturalization applicant's A-file before deciding whether to approve the naturalization application and schedule the applicant for an oath ceremony. *See* 8 C.F.R. § 335.1.

In March 2020, the Federal Records Centers, where USCIS had stored A-files, closed due to the COVID-19 pandemic. By February 2022, these Federal Records Centers had resumed operations at partial capacity. As of March 15, 2022, these Federal Records Centers had removed their capacity limits, these Federal Records Centers had completed the recall of their staff and there are no longer capacity limits. As the source for this information was *FRC Operating Status*, National Archives, https://www.archives.gov/frc/operating-status (last modified on May 3, 2022), but this page is no longer found on NARA's website. Selections for the *FRC Operating Status* page and *FRC Reopening Frequently Asked Questions* (FRC FAQs) were found on July 1, 2002, at https://www.archives.gov/frc/records-transfer. The FRC FAQs refer to Federal Records Center staff reentry as of March 28, 2022, https://www.archives.gov/frc/reopening-faq (visited on July 1, 2022).

Since the Federal Records Centers returned to full capacity operations, NARA was retrieving A-files, and USCIS provided personnel to assist with the retrieval. Upon information and belief, NARA has completed the retrieval of the A-files. However, to Plaintiffs' knowledge, Defendants USCIS and Jaddou did not have a plan for prioritizing processing and adjudicating the naturalization applications for applicants whose A-files were retrieved from the Federal Records Centers.

Defendants USCIS, and Jaddou and her predecessors, had roughly two years to develop and implement a plan to: (1) identify the A-files of naturalization applications for priority for retrieval when the Federal Records Centers reopened, (2) to deliver the A-files promptly from the Federal Records Centers to the National Benefits Center and for the National Benefits Center to process the applications; and (3) to schedule the interviews at the USCIS Field Offices.

Plaintiffs are facing a loss from the continued delay in interviewing them and adjudicating their naturalization applications.

Defendant USCIS has a duty to conduct an interview of a naturalization applicant. "The [Secretary of the Department of Homeland Security] shall

designate employees of [USCIS] to conduct examinations upon applications for naturalization." 8 U.S.C. § 1446(b). "The employee designated to conduct any such examination shall make a determination as to whether an application should be granted or denied." 8 U.S.C. § 1446(d).

## TRAC FACTORS AND UNREASONABLE DELAY

Courts often evaluate whether an agency's delay is unreasonable by applying the six factors identified by the D.C. Circuit in *Telecomms. Rsch. & Action Ctr. v. FCC* ("TRAC"):

(1) the time agencies take to make decisions must be governed by a 'rule of reason'; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not 'find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.'

*Telecomms. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) (citations omitted). *See Towns of Wellesley, Concord & Norwood, Mass. v. Fed. Energy Regul. Comm'n*, 829 F.2d 275, 277 (1st Cir. 1987) (per curiam) (citing *TRAC* guidelines as relevant to determining whether agency delay is unreasonable).

### *TRAC* Factors 1 and 2: "Rule of Reason" and a Statutory Benchmark

USCIS has a policy of encouraging naturalization. USCIS has a "Citizenship Resource Center" on its website which is managed by its Office of Citizenship. USCIS, *Citizenship Resource Center*, https://www.uscis.gov/citizenship (last visited July 1, 2022).

Congress established the position of Chief of the Office of Citizenship in § 451(f) of the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135, 2197 (Nov. 25, 2002). The USCIS Office of Citizenship's mission "is to provide federal leadership, tools, and resources to proactively foster civic integration." USCIS, *Office of Citizenship*, https://www.uscis.gov/about-us/organization/directorates-and-program-offices/external-affairs-directorate/office-of-citizenship (Feb. 17, 2021). The Office of Citizenship's work includes "[p]roviding immigrants with opportunities and tools to become vested citizens" and to "raise awareness" of the importance of civic integration to society. *Id.*

In addition, the Biden-Harris administration issued an Executive Order in the first weeks of their administration, directing government agencies to take a number of actions to promote naturalization and improve naturalization processing. *See* Exec. Order No. 14,012, Restoring Faith in Our Legal Immigration Systems and Strengthening Integration and Inclusion Efforts for New Americans (Feb. 2, 2021), *available at* https://www.whitehouse.gov/briefing-room/presidential-actions/2021/02/02/executive-order-restoring-faith-in-our-legal-immigration-systems-and-strengthening-integration-and-inclusion-efforts-for-new-americans/.

The Administration directed multiple federal agencies to create an interagency naturalization working group with a particular focus on "eliminat[ing] barriers in and otherwise improv[ing] the existing naturalization process, including by conducting a comprehensive review of that process with particular emphasis on the N-400 application, fingerprinting, background and security checks, interviews, civics and English language tests, and the oath of allegiance." *Id.* Notably, the naturalization process was the only immigration application or petition type specifically mentioned in the Executive Order, evincing the Administration's prioritization of naturalization applicants.

The priority Congress and the Administration place on naturalization and improving the naturalization process is underscored by the Fiscal Year 2022 Citizenship and Integration Grant Program. The Department of Homeland Security recently announced the open application period for a grant program the agency expanded after Congress doubled the funding from $10 million to $20 million. *DHS Announces Expansion of Citizenship and Integration Grant Program and Open Application Period*, https://www.uscis.gov/newsroom/news-releases/dhs-announces-expansion-of-citizenship-and-integration-grant-program-and-open-application-period (June 27, 2022). The announcement stated:

These competitive grant opportunities are open to organizations that prepare immigrants for naturalization and promote civic integration through increased knowledge of English, U.S. history, and civics. In addition to the traditional programs that fund citizenship and English acquisition classes, the 2022 grants have been expanded to include opportunities for creative and innovative approaches to preparing immigrants for naturalization.

*Id.* Defendant Jaddou stated: "These organizations are helping immigrants become citizens and integrate into the United States, and I am pleased that this year's program will support innovative initiatives and deepen regional and local collaborations to reach more geographic areas around the country." *Id.*

The Application for Naturalization, Form N-400, is one of only thirteen forms that USCIS has digitized for electronic filing.

Many USCIS Field Offices offer administrative naturalization so that applicants who receive approval can become U.S. citizens the same day that they attend their interview.

Congress has expressed its expectation that USCIS adjudicate a naturalization

application within 180 days. "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." 8 U.S.C. § 1571(b).

### *TRAC* Factors 3 and 5: Prejudice and Harm to Health and Welfare Due to Delay

Defendants' delay in processing and adjudicating the naturalization applications of Plaintiffs, and the class members they seek to represent, after the Federal Records Centers where the A-files were stored returned to full capacity operations, leaves them in a stress-filled limbo. Until they are interviewed, they cannot move forward with the naturalization process. Serious issues about the future of the United States, as to immigration, family, education, the economy will be determined by who is elected at the national, state, and local levels. If USCIS does not promptly interview Plaintiffs, and the class members they seek to represent, they will have suffer harm, they will not be able to petition some family

member, they will not qualify for most of federal jobs, they will not have the right to vote in addition they can be subject of removal at any moment.

As permanent residents, they are subject to different treatment than U.S. citizens under U.S. tax and criminal laws, when they return to the United States after traveling abroad and are ineligible for certain types of U.S. employment.

### *TRAC* Factor 4: Competing Priorities

As discussed above, the Biden-Harris administration issued an Executive Order in the first weeks of their administration, discussing and prioritizing naturalization. *See* Exec. Order No. 14,012, *supra.* Notably, the naturalization process was the ß.

Placing Plaintiffs' naturalization applications into the Field Office interview queue based on the received date for their applications treats them equitably with other naturalization applicants. Naturalization applicants with later received dates should not be scheduled ahead of Plaintiffs just because the National Benefits Center was not waiting for their A-files to be transferred from a Federal Records Center.

Defendants' delay in retrieving the A-files from Federal Records Center storage after these facilities reopened, failure to prioritize A-file retrieval, and failure to prioritize the interview and adjudication of the naturalization applications of Plaintiffs and class members is unreasonable; unreasonableness does not have to be the result of bad faith or other impropriety.

### CLASS ALLEGATIONS

The individually named Plaintiffs bring this action on behalf of themselves and others similarly situated pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2). A class action is proper because this action involves questions of law and fact common to the class, the class is so numerous that joinder of all members is impracticable, Plaintiffs' claims are typical of the claims of the class, Plaintiffs will fairly and adequately represent the interests of the class, and Defendants have acted on grounds that apply generally to the class, so that final injunctive or

Questions of law and fact predominate over any questions affecting the individually named Plaintiffs. Common questions of law include: (1) whether

Defendants' failure to prioritize the retrieval and transfer of the A-files of naturalization applicants from the Federal Records Centers when they returned to full capacity operations to the USCIS National Benefits Center is an unreasonable delay; and (2) whether Defendants USCIS and Jaddou's failure to prioritize the completion of National Benefits Center processing after the National Benefits Center receives the A-files and the interviewing of naturalization applicants and adjudication of their applications at a USCIS Field Office is an unreasonable delay.

Common questions of fact include whether Defendants have a policy and practice of not prioritizing the retrieval and transfer of the A-files of naturalization applicants to the USCIS National Benefits Center from the Federal Records Centers when they returned to full capacity operations and of not prioritizing the interviewing of naturalization applicants and adjudication of their applications at a USCIS Field Office. Resolution of these common questions will resolve the entire case.

The individually named Plaintiffs seek to represent the following class: individuals:

who filed an application for naturalization; and whose A-files USCIS had stored in NARA Federal Records Centers or they are on hold because of P2 program(as the USCIS stated); and who have not yet been interviewed on their naturalization application.

The proposed class is so numerous that joinder of all members is impracticable. The named plaintiffs are not aware of the precise number of potential members but reasonably estimate that the number of current class members totals at least 500 class members.

Plaintiffs' claims are typical of those of the entire class as they filed applications for naturalization for which USCIS delayed processing and adjudication.

Plaintiffs will fairly and adequately represent the interests of the proposed class as they seek relief on behalf of the class as a whole and they have no interest antagonistic to the class members.

Plaintiffs are represented by competent counsel with extensive experience in in the background of most class actions and immigration law.

In failing to prioritize the retrieval and transfer of the A-files of naturalization applicants to the USCIS National Benefits Center from the Federal Records Centers when they returned to full capacity operations and to prioritize the completion of National Benefits Center processing and the interview of the naturalization applicants and adjudication of their naturalization applications at the Field Offices, Defendants have acted and will continue to act on grounds generally applicable to the entire class, thus making final declaratory or other relief appropriate to remedy harms to the class as a whole. The class may therefore be properly certified under Fed. R. Civ. P. 23(b)(2).

## Administrative Procedure Act—5 U.S.C. § 706(1)

### Administrative Procedure Act Violation by Unreasonably Delaying Adjudication of Plaintiffs' Naturalization Applications

Plaintiffs reallege and incorporate by reference, as if fully set forth herein, the allegations above.

The APA provides for judicial review when a person is adversely affected by agency action. 5 U.S.C. § 702. Agency action includes an agency's failure to act. 5 U.S.C. § 551(13). A court "shall compel agency action . . . unreasonably delayed." 5 U.S.C. § 706(1).

Interviewing Plaintiffs and the proposed class regarding their naturalization applications and deciding whether to approve or deny the applications are discrete actions that USCIS is required to take within a reasonable time.

Defendants' failure to take the following actions constitutes an unreasonable delay: (1) Develop and implement a plan to prioritize the retrieval of the A-files of Plaintiffs and proposed class members from the Federal Records Centers when they reopened and promptly transfer the A-files to the National Benefits Center; and (2) Develop and implement a plan to prioritize the completion of National Benefits Center processing and the interviewing of Plaintiffs and proposed class members, the adjudication of their naturalization applications at the Field Offices,

and their participation in an oath ceremony when their naturalization applications are approved..

There are no available remedies for Plaintiffs to exhaust.

## REQUEST FOR RELIEF

WHEREFORE Plaintiffs request that this Court grant the following relief:

(1)  Assume jurisdiction over this matter;

(2)  Certify the case as a class action as proposed herein;

(3)  Appoint Plaintiffs as representatives of the class and Plaintiffs' counsel as class counsel;
(4) Declare that Defendants have violated the Administrative Procedure Act by unreasonably delaying the adjudication of the naturalization applications of Plaintiffs and the class members; (5) Compel Defendant Jaddou to require the USCIS National Benefits Center to complete the processing of Plaintiffs' and the class members' naturalization applications and place their applications in the interview queue no later than 14 days after the National Benefits Center received Plaintiffs' and the class members' A-files from Federal Records Center storage;

(6) Compel Defendant Jaddou to require USCIS Field Offices to interview Plaintiffs and the class members, to adjudicate their naturalization applications within 10 days after the USCIS National Benefits Center places Plaintiffs' and the class members' naturalization applications in the interview queue for the respective USCIS Field Office, and, when their naturalization applications are approved, to include them in an oath ceremony that will occur within 5 days after approval, or as soon thereafter as the next oath ceremony is due to occur;

(7) Award Plaintiffs' counsel reasonable attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), 5 U.S.C. § 504, or any other applicable law; and

8) Grant such other and further relief as the Court deems just, equitable, and appropriate.

Respectfully submitted,

/s/ Dalya Alabbassi
Texas Bar Number:24113524
Alabbassi Law office
Dalya Alabbassi, Esq.
9950 Westpark Dr. Ste 308
Houston Texas 77063
832-304-7866 ext 1001
dalabbassi@gmail.com
info@alabbassi.net
Classaction2020@alabbassi.net

**Certificate of Service**

I certified that Pursuant to Federal Rules of Civil Procedure, Rule 4(i)(2), On 5/10/2023 I mailed summons and complaints of the above document against the USCIS or its personnel in their official capacity by registered or certified mail, to:

USCIS
Office of the Chief Counsel
5900 Capital Gateway Drive
Mail Stop 2120
Camp Springs, MD 20588-0009


Also emailed to: uscis.serviceofprocess@uscis.dhs.gov

/s/ Dalya Alabbassi
Texas Bar Number:24113524
Dalya Alabbassi, Esq.