United States District Court
Southern District of Texas

**ENTERED**

February 07, 2024

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

EKHLAS HAMOODI, et al.,                §
                                       §
                Plaintiffs,            §
                                       §
v.                                     §
                                       §
UNITED STATES CITIZENSHIP              §       CIVIL ACTION NO. H-23-1713
AND IMMIGRATION SERVICES;              §
UR MENDOZA JADDOU, Director,           §
United States Citizenship              §
and Immigration Services;              §
and UNITED STATES OF AMERICA,          §
                                       §
                Defendants.            §

**MEMORANDUM OPINION AND ORDER**

On May 9, 2023, Ekhlas Hamoodi and 75 other lawful permanent residents ("Plaintiffs") brought this action against the United States Citizenship and Immigration Services ("USCIS"); Ur Mendoza Jaddou, as Director of the United States Citizenship and Immigration Services; and the United States of America (collectively, "Defendants").[1]  Plaintiffs allege that USCIS has violated the Administrative Procedure Act ("APA") by unreasonably

---

[1]Original Complaint For Declaratory Relief and Relief Under the Administrative Procedure Act Class Action ("Complaint"), Docket Entry No. 1, pp. 3-22.  The Complaint identifies the named Plaintiffs in paragraphs 1 through 82, but there are no paragraphs 75 through 77, and three Plaintiffs have withdrawn.  Id. at 21; Order, Docket Entry No. 22.  Plaintiffs requested that four individuals be withdrawn, but one of them, Nazek Omar Saseila, was not named in the Complaint.  Order, Docket Entry No. 22.  For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

delaying the processing of their naturalization applications.[2] Plaintiffs bring this case as a putative class action.[3]  Pending before the court is Defendants' Motion to Dismiss (Docket Entry No. 23).  For the reasons stated below, Defendants' Motion to Dismiss will be granted, and this case will be dismissed with prejudice.

## I.  **Background**

### A.  **The Complaint**

Plaintiffs filed this action on May 9, 2023.[4]  Plaintiffs are legal permanent residents who applied in 2020 to become naturalized U.S. citizens.[5]

In reviewing each application, USCIS must review "all pertinent records." 8 C.F.R. § 335.1. Although USCIS has its own records storage center, it stores some individuals' immigration files ("A-files") at Federal Records Centers ("FRCs") managed by the National Archives and Records Administration ("NARA").[6] Plaintiffs allege that in March of 2020 NARA closed the FRCs, hindering USCIS's ability to retrieve Plaintiffs' A-files.[7]  In

---

[2]Complaint, Docket Entry No. 1, p. 30.

[3]Id. at 28-30.

[4]Id. at 1.

[5]Id. at 3-22.

[6]Id. at 23.

[7]Id. at 24.

February and March of 2022 the FRCs reopened and returned to full capacity operations.[8]  USCIS provided personnel to assist NARA with the retrieval of A-files.[9]  The Complaint alleges that NARA has completed the retrieval of their A-files.[10]

Processing an application requires a naturalization interview.[11] When the Complaint was filed USCIS had not interviewed Plaintiffs.[12]

The Complaint seeks judicial review under § 702 of the Administrative Procedures Act of USCIS's delay in "[i]nterviewing Plaintiffs . . . and deciding whether to approve or deny the applications."[13]  Moreover, Plaintiffs allege:

> Defendants' failure to take the following actions constitutes an unreasonable delay:  (1) Develop and implement a plan to prioritize the retrieval of the A-files of Plaintiffs and proposed class members from the Federal Records Centers when they reopened and promptly transfer the A-files to the National Benefits Center; and (2) Develop and implement a plan to prioritize the completion of National Benefits Center processing and the interviewing of Plaintiffs and proposed class members, the adjudication of their naturalization applications at the Field Offices, and their participation in an oath ceremony when their naturalization applications are approved.[14]

---

[8]Id.

[9]Id.

[10]Id.

[11]8 C.F.R. § 335.2; see also 8 U.S.C. § 1446(b),(d).

[12]See Complaint, Docket Entry No. 1, p. 29.

[13]Id. at 30.

[14]Id. at 30-31.

In addition to the 76 named Plaintiffs, the Complaint seeks to represent a putative class of all

> individuals[]   who   filed   an   application   for
> naturalization; and whose A-files USCIS had stored in
> NARA Federal Records Centers or they are on hold because
> of P2 program(as the USCIS stated); and who have not yet
> been interviewed on their naturalization application.[15]

Plaintiffs ask the court to "[d]eclare that Defendants have violated the [APA] by unreasonably delaying the adjudication of the naturalization applications of Plaintiffs and the class members," require USCIS to complete processing of Plaintiffs' applications and to place them in the interview queue within 14 days after the Plaintiffs' A-files are retrieved from NARA, require USCIS to interview Plaintiffs within 10 days of placing them in the interview queue, and require USCIS to include successful Plaintiffs in an oath ceremony within five days of approval or in the next ceremony that is due to occur.[16]

## B.   Defendants' Motion to Dismiss

Defendants filed the pending Motion to Dismiss on December 21, 2023.[17]   Defendants argue that Plaintiffs' claims are moot and that the Complaint fails to state a claim upon which relief can be granted.[18]   In support of their mootness argument Defendants attach

---

[15]Id. at 29.

[16]Id. at 31.

[17]Defendants' Motion to Dismiss, Docket Entry No. 23.

[18]Id. at 10-11.   Defendants also argue that the United States of America is not a proper party.   Id. at 13.   Because Plaintiffs'
(continued...)

-4-

the very thorough Declaration of Claudia F. Young, who is "responsible for overseeing and reviewing information provided through a USCIS internal database, the Electronic Immigration System ("ELIS")."[19] Young "ran the named Plaintiffs' A-numbers through the ELIS database" and provides information regarding their A-files and naturalization applications.[20] Young states that USCIS has naturalized 65 plaintiffs and interviewed or scheduled interviews for the 11 other plaintiffs.[21] All named Plaintiffs were interviewed by January 4, 2024, except for two who asked USCIS to postpone their interviews to January 22 and 31, 2024.[22]

Plaintiffs responded and moved for class certification on January 4, 2024.[23] Plaintiffs' Response argues that the case is not moot because there are potential class members who have not been

---

[18](...continued)
claims will be dismissed as to all defendants on other grounds, the court need not address this argument.

[19]Because it includes the most up-to-date information on Plaintiffs' interviews, the court relies on the updated declaration attached to the Reply Memorandum of Law in Support of Defendants' Motion to Dismiss ("Defendant's Reply"), Docket Entry No. 29. See Declaration of Claudia F. Young ("Young Decl."), Exhibit A to Defendants' Reply, Docket Entry No. 29-1, p. 1 ¶ 1.

[20]Id. ¶ 2.

[21]Id at 2-3, ¶¶ 4(a)-(k).

[22]Id.

[23]Response to Plaintiff's [sic] Motion to Dismiss ("Plaintiffs' Response"), Docket Entry No. 25; Motion for Class Certification and Memorandum of Points of Law and Authority ("Motion to Certify Class"), Docket Entry No. 24.

interviewed and that the Complaint states a valid unreasonable-
delay claim under the APA.  Plaintiffs' Motion to Certify Class
seeks to certify the class of "[a]ll individuals:  (a) who filed
N-400 application with USCIS for Naturalization, and 1. whose
applications have been pending for at least 24[] months from the
date of filing[] Or 2. had [an] interview but it's over 120 days
and USCIS failed to issue a decision."[24]   The Motion to Certify
Class offers two proposed class representatives, but neither is a
named plaintiff in this action.[25]

## II.  **Legal Standard**

### A.  **Mootness**

"[A] case is moot when the issues presented are no longer live
or the parties lack a legally cognizable interest in the outcome."
City of Erie v. Pap's A.M., 120 S. Ct. 1382, 1390 (2000) (quoting
County of Los Angeles v. Davis, 99 S. Ct. 1379, 1383 (1979))
(internal quotation marks omitted).   "The underlying concern is
that, when the challenged conduct ceases such that there is no
reasonable expectation that the wrong will be repeated, then it
becomes impossible for the court to grant any effectual relief
whatever to [the] prevailing party."  Id. (quoting United States v.
W.T. Grant Co., 73 S. Ct. 894 (1953), and Church of Scientology of
California v. United States, 113 S. Ct. 447, 449 (1992)) (internal

---

[24]Motion to Certify Class, Docket Entry No. 24, p. 1.

[25]Id. at 3.

-6-

quotation marks omitted).  "In that case, any opinion as to the legality of the challenged action would be advisory."  Id.  But "'as long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot.'"  Knox v. Service Employees International Union, Local 1000, 132 S. Ct. 2277, 2287 (2012) (quoting Ellis v. Railway Clerks, 104 S. Ct. 1883, 1889 (1984)).

The court may determine mootness based on "'the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'"  Withrow v. Miller, 348 F. App'x 946, 948 (5th Cir. 2009) (per curiam) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).  The court should address mootness before proceeding to the merits.  See Lauren C. by and through Tracey K. v. Lewisville Independent School District, 904 F.3d 363, 371 (5th Cir. 2018).

## B.  Failure to State a Claim

Under Federal Rule of Civil Procedure 8(a), a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under Rule 12(b)(6), a defendant may file a motion to dismiss arguing that the plaintiff has "fail[ed] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss," a complaint must contain enough factual allegations to "'state a

claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1965. "The 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Construction Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004).

### III.  **The Naturalization Process**

Plaintiffs' APA claims involve multiple stages of the application process for a legal permanent resident to become a naturalized citizen.  The process starts when a legal permanent resident satisfies the required residency period and applies for naturalization.  See 8 U.S.C. §§ 1427(a), 1430, 1445(a).  USCIS then conducts a "personal investigation" of the applicant, which must include "a review of all pertinent records."  8 U.S.C. § 1446(a); 8 C.F.R. § 335.1.  USCIS then conducts a naturalization interview of the applicant.  8 U.S.C. § 1446(b); 8 C.F.R. § 335.2.[26] The parties cite no statute or regulation setting a time limit for USCIS to complete an applicant's investigation or interview.  But

---

[26]See also Walji v. Gonzales, 500 F.3d 432, 435-38 (5th Cir. 2007) (holding that the "examination" refers to the naturalization interview).

-8-

the APA authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed" when "there is no other adequate remedy in a court."  5 U.S.C. §§ 706(1), 704.

The USCIS employee who interviews the applicant "shall make a determination as to whether the application should be granted or denied, with reasons therefor."  8 U.S.C. § 1446(d).  If USCIS fails to grant or deny the application within 120 days of the interview, the applicant may request a hearing in federal district court.  8 U.S.C. § 1447(b).  The court has jurisdiction and may adjudicate the application itself or remand it to USCIS "with appropriate instructions."  Id.  If the application is granted, the applicant participates in a public oath ceremony and becomes a citizen as of the oath date.  8 U.S.C. § 1448(a); 8 C.F.R. § 337.9.[27]  This process is illustrated below:[28]



---

[27]The timing provisions for oath ceremonies vary depending on what entity administers the ceremony.  See generally 8 C.F.R. §§ 310.3, 337.2.  Although Plaintiffs ask the court to set deadlines for USCIS to administer Plaintiffs' oath ceremonies, the Complaint does not allege an APA claim based on oath ceremony delays, and the court need not address these timing provisions to rule on Defendants' Motion to Dismiss.

[28]The court prepared this illustrative time line for the reader's convenience.  It is not an official or exhaustive statement of the law governing the naturalization process.

## **IV.  Analysis**

The  Complaint  alleges  that  USCIS  violated  the  APA  by
withholding  or  unreasonably  delaying  four  required  actions:
(1)  interviewing  Plaintiffs,  (2)  adjudicating  Plaintiffs'
applications,  (3)  "[d]evelop[ing]  and  implement[ing]  a  plan  to
prioritize  the  retrieval  of  the  A-files  of  Plaintiffs  and  proposed
class  members  from  the  Federal  Records  Centers  when  they  reopened
and  promptly  transfer  the  A-files  to  the  National  Benefits  Center,"
and  (4)  "[d]evelop[ing]  and  implement[ing]  a  plan  to  prioritize  the
completion  of  National  Benefits  Center  processing  and  the
interviewing  of  Plaintiffs  and  proposed  class  members,  the
adjudication  of  their  naturalization  applications  at  the  Field
Offices,  and  their  participation  in  an  oath  ceremony  when  their
naturalization  applications  are  approved."[29]

Defendants  argue  that  the  case  is  moot  and  that  the  Complaint
fails  to  state  a  claim  upon  which  relief  can  be  granted.
Plaintiffs  argue  that  the  case  is  not  moot  because  there  are
potential  class  members  who  have  not  been  interviewed  and  that  the
Complaint  states  a  valid  unreasonable-delay  claim  under  the  APA.

### **A.  Mootness**

Defendants  argue  that  USCIS  has  interviewed  all  named
Plaintiffs  (except  two  who  requested  postponement)  and  that
potential  class  members'  claims  should  not  be  considered  where

---

[29]Complaint, Docket Entry No. 1, pp. 30-31.

Plaintiffs did not move for class certification before the named Plaintiffs' claims were mooted. Plaintiffs respond by referencing a list of potential class members, most of whom are marked as not having been interviewed.[30]

### 1. USCIS's Delay in Conducting Naturalization Interviews

Plaintiffs' first APA claim alleges that Defendants unreasonably delayed interviewing them. Defendants argue that this claim is moot because all named Plaintiffs have been interviewed or requested that their interview be postponed for later. Plaintiffs do not argue that any of the named Plaintiffs have non-moot claims. Instead, Plaintiffs argue that there are potential class members who have not been interviewed. Plaintiffs moved for class certification after Defendants filed their Motion to Dismiss and on the same day that the last named Plaintiff's claim was mooted.

To avoid mootness, a class action generally must have "a named plaintiff who has [] a [live] case or controversy at the time the complaint is filed, and at the time the class action is certified by the District Court pursuant to Rule 23." Sosna v. Iowa, 95 S. Ct. 553, 559 (1975). Defendants acknowledge that the Fifth Circuit has recognized an exception in some cases when the defendant tenders relief to the named plaintiffs while "there is pending before the district court a timely filed and diligently

---

[30]Plaintiffs' Response, Docket Entry No. 25, pp. 4-5; Potential Class Members, Exhibit B to Plaintiffs' Response, Docket Entry No. 25-1.

-11-

pursued motion for class certification." Zeidman v. J. Ray McDermott & Co., Inc., 651 F.2d 1030, 1051 (5th Cir. 1981). This exception exists at least in part because some controversies are "so transitory that no class can be certified before the claims of all original plaintiffs become moot," making the issue "'capable of repetition, yet evading review.'" Id. at 1047. In such a case, the mootness of the named plaintiffs' claims (for purposes of class claim mootness) is evaluated as of the complaint's filing date. See id.

But Defendants argue that Zeidman does not apply because Plaintiffs did not move for class certification before their claim was mooted. This distinction is supported by Fontenot v. McCraw, 777 F.3d 741 (5th Cir. 2015). In Fontenot the court declined to extend the Zeidman exception where the named plaintiffs' claims were mooted before they moved for class certification. Id. at 751. The court emphasized that the plaintiffs could have filed a class certification motion at the outset of the case and that the general mootness rule would not cause issues to evade review. Id.

Plaintiffs did not move for class certification until the day the last named Plaintiff's claim was mooted. This was about eight months after the case was filed, and the proposed class representatives are not among the case's named Plaintiffs. Plaintiffs have not pointed to any circumstances that prevented them from filing an earlier class certification motion. Nor do Plaintiffs argue that the alleged issues will evade review under

-12-

ordinary mootness rules.   Extending the exception would be prejudicial to USCIS, which expended resources preparing the Motion to Dismiss based on the case's impending mootness and Plaintiffs' lack of action towards certifying a class.   The Zeidman exception does not apply here, and the court declines to extend it. Plaintiffs' first APA claim is moot, and the court will grant Defendants' Motion to Dismiss as to this claim.

## 2. USCIS's Failure to Develop and Implement a Plan Prioritizing Retrieval of Plaintiffs' A-files

Plaintiffs' third APA claim alleges that USCIS unlawfully failed to develop and implement a plan prioritizing the retrieval of their A-files from FRCs and the transfer of their A-files to the National Benefits Center for personal investigations.   The Complaint acknowledged that Plaintiffs' A-files had been retrieved from the FRCs.   Because Plaintiffs have all been interviewed or had interviews scheduled, the pre-interview processing at the National Benefits Center is necessarily complete.   Because Plaintiffs no longer have a "'concrete interest'" in the requested retrieval plan, this claim is moot.   See Knox, 132 S. Ct. at 2287.   For the same reasons explained above as to Plaintiffs' first APA claim, any class claim for such plan is also moot.

## B.   Rule 12(b)(6)

Plaintiffs' remaining claims involve adjudication of Plaintiffs' applications and are therefore not moot as to all named

-13-

Plaintiffs.[31]   But Defendants argue that Plaintiffs fail to state a claim under the APA.

### 1.   USCIS's Failure to Timely Adjudicate Applications

Plaintiffs' second claim alleges that USCIS unreasonably delayed adjudicating their applications. APA review is limited to agency action "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. The naturalization statute allows applicants to seek relief in federal district court if their applications are not adjudicated within 120 days of their "examination." 8 U.S.C. § 1447(b). The Fifth Circuit has held that "examination" refers to the naturalization interview. Walji, 500 F.3d at 435-38.

Defendants cite several cases holding that § 1447(b) provided Plaintiffs with an adequate remedy for post-interview delays, thereby displacing unreasonable-delay APA review of the same.[32] Plaintiffs cite no contrary authority.

Congress set a specific time limit and created a unique remedy for USCIS's failure to meet it. Section 1447(b) authorizes a broader range of relief than the APA; § 1447(b) allows the court to

---

[31]See Young Decl., Exhibit A to Defendants' Reply, Docket Entry No. 29-1, pp. 2-3 ¶¶ 4(a)-(k).

[32]See Tankoano v. U.S. Citizenship and Immigration Services, 652 F. Supp. 3d 812, 818 (S.D. Tex. 2023); Rangoonwala v. Swacina, No. 08-21588-CIV, 2008 WL 5070299, at *3 (S.D. Fla. Nov. 25, 2008); Boakye v. Hansen, 554 F. Supp. 2d 784, 787 (S.D. Ohio 2008); Ahmed v. Holder, No. 4:08CV826 HEA, 2009 WL 3228675, at *6 (E.D. Mo. Sept. 30, 2009).

-14-

adjudicate the application itself or to impose "appropriate instructions" on remand while the APA merely allows the court to compel adjudication.[33]   It is not clear that unreasonable-delay review ever applies to post-interview delays.   But at the very least, nothing in the Complaint or Plaintiffs' Response indicates that § 1447(b) is not an "adequate remedy" for their post-interview delays, if any.   Moreover, the circumstances that delayed Plaintiffs' interviews (delays in retrieving their A-files) were necessarily resolved before their interviews.   Without any particular allegations of post-interview delays or what is causing them, there is no basis for concluding that § 1447(b) is inadequate to address them.   Plaintiffs have failed to state a cognizable APA claim regarding Defendants' alleged adjudication delays. Defendants' Motion to Dismiss will therefore be granted as to this claim.

   2.   <u>USCIS's Failure to Develop and Implement a Plan Prioritizing Plaintiffs' Applications</u>

   Plaintiffs' fourth claim alleges that Defendants failed to develop and implement a plan to prioritize Plaintiffs for processing, interviews, adjudication, and oath ceremonies. Defendants argue that this claim fails because it asks the court to

---

[33]The authority to impose instructions on USCIS includes the authority to compel action by a deadline.   <u>See, e.g., Osakwe v. Department of Homeland Security</u>, Civil Action No. G-07-00308, 2008 WL 151073, at *2 (S.D. Tex. Jan. 14, 2008).

-15-

compel agency action that USCIS is not required to take.[34] The APA's review of "unlawfully withheld" agency action requires Plaintiffs to identify "a discrete agency action that [the agency] is required to take." Norton v. Southern Utah Wilderness Alliance, 124 S. Ct. 2373, 2379 (2004) (emphasis in original). "A court's authority to compel agency action is limited to instances where an agency ignored 'a specific, unequivocal command' in a federal statute or binding regulation." Fort Bend County v. United States Army Corps of Engineers, 59 F.4th 180, 197 (5th Cir. 2023) (quoting SUWA, 124 S. Ct. at 2379). Plaintiffs "cannot seek wholesale improvement of [an agency] program by court decree, rather than in the offices of the Department or the halls of Congress, where programmatic improvements are normally made." Lujan v. National Wildlife Federation, 110 S. Ct. 3177, 3190 (1990).

Plaintiffs' fourth claim requests that USCIS make a policy choice to prioritize their applications to compensate for previous delays in retrieving their A-files. Plaintiffs have not identified, and the court is not aware of, any statute or regulation that requires such a policy. The court therefore has no authority under the APA to compel the requested plan. Defendants' Motion to Dismiss will therefore be granted as to this claim.

---

[34]Defendants make this argument as to all of Plaintiffs' APA claims. But because the other three claims will be dismissed on other grounds as explained above, the court need not address whether Plaintiffs' other claims allege actions that the agency is required to take.

-16-

## V.  Conclusion and Order

Plaintiffs' APA claims to compel naturalization interviews (Claim One) and a plan to prioritize the retrieval and transfer of their A-files (Claim Three) are moot.  Plaintiffs' claims to compel adjudication of their naturalization applications (Claim Two) and a plan to prioritize their applications (Claim Four) are not cognizable under the APA.  Defendants' Motion to Dismiss (Docket Entry No. 23) is therefore **GRANTED**, and this action will be dismissed without prejudice as to Claims One and Three and with prejudice as to Claims Two and Four.

**SIGNED** at Houston, Texas, on this 7th day of February, 2024.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE